UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | | |
|---|---|---|
| KRISTA ANN PHILLIPS,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 4:26-cv-6-TRM-JEM |

**REPORT AND RECOMMENDATION**

Now before the Court is Plaintiff's Unopposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Doc. 17]. The parties stipulate to an award to Plaintiff of attorney fees in the amount of $8,575 and costs in the amount of $150.00 in full satisfaction and settlement of any and all claims Plaintiff may have under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in this action [*Id.* at 3]. The parties explain that the Court entered an order remanding this case for hearing and decision pursuant to sentence four of 42 U.S.C. § 405(g) [*Id.* ¶ 1]. They further explain that Plaintiff's net worth "was and is less than two million dollars" and that the "position of the SSA was not substantially justified" [*Id.* ¶¶ 2–3]. They also outline the basis for the request [*Id.* ¶¶ 4–7; *see also* Doc. 17-1].

Having received the parties' motion and upon substantive review of the record, the undersigned **RECOMMENDS**[1] that the District Judge: (1) grant Plaintiff's Unopposed Motion

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v.*

for Attorney Fees Pursuant to the Equal Access to Justice Act [**Doc. 17**]; (2) award attorney fees in the amount of $8,575.00 and costs in the amount of $150.00 to Plaintiff under the EAJA, 28 U.S.C. § 2412(d); (3) order that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States; and (4) order that, if Plaintiff owes no debt to the United States, then the payment of EAJA fees can be made to Plaintiff's counsel to the extent Plaintiff and Plaintiff's counsel have executed a valid fee assignment.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

*Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).